IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSE NAHUM CRUZ GARCIA, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-26-CV-01378-DB |
| | § | |
| WARDEN, ERO EL PASO CAMP EAST | § | |
| MONTANA, *et al.*, | § | |
|     Respondent. | § | |
| | § | |
| | § | |

## ORDER

On this day, the Court considered the above-captioned case. On May 22, 2026, this Court issued an "Order," ECF No. 4, granting in part Petitioner Jose Nahum Cruz Garcia's "Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief," ECF No. 1. Therein, the Court ordered Respondents to either (1) provide Petitioner with a bond hearing before an immigration judge ("IJ") at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings. ECF No. 4 at 4. On May 28, 2026, Petitioner was provided a bond hearing before an IJ. *See* ECF No. 6–1. During the hearing, the IJ denied Petitioner bond, finding Petitioner presented a flight risk. *Id.* at 1.

On May 29, 2026, Petitioner filed a "Motion to Enforce the Court's Order Granting Habeas Relief" ("Motion"), ECF No. 5, arguing he did not receive a constitutionally adequate bond hearing because his attorney, Daisy Lamptey-Fianko ("Attorney Lamptey-Fianko"), was neither notified of the bond hearing nor present at the hearing. *Id.* at 5. As a result, the Court ordered Respondents to file a supplemental notice "advising the Court whether Petitioner's counsel was given notice of

the bond hearing; if not, then why; and their position as to what the absence of counsel at the bond hearing means for this habeas case." ECF No. 7 at 2. Thereafter, Petitioner filed two more motions to enforce premised largely on the same facts and arguments. *See generally* ECF Nos. 10 and 12.

On June 10, 2026, Respondents filed the required "Supplemental Notice to the Court," ECF No. 11. Therein, Respondents state that "[n]otice for Petitioner's May 28, 2026, bond hearing was sent to Petitioner directly, not to a representative or counsel," because no attorney had "entered an appearance to represent Petitioner in custody and bond proceedings before the immigration court." ECF No. 11 at 1. According to Respondents:

> Petitioner's counsel entered an appearance to represent Petitioner before the Board of Immigration Appeals by filing an EOIR-27. *See* Ex. B (Lamptey-Fianko E-27 form); ECF No. 5-1. This form explicitly states it is for proceedings before the Board of Immigration Appeals. *Id.* The form EOIR-27 is to enter an appearance before the Board of Immigration Appeals, while a form EOIR-28 must be filed to enter an appearance before an immigration court. *See* 8 C.F.R. § 1003.17(a); 8 C.F.R. § 1003.38(g)(1)(i).

*Id.* Therefore, "Petitioner was properly served notice of his bond hearing directly." *Id.* at 2. This Court agrees.

Pursuant to 8 C.F.R. § 1003.17, to perform the functions of and become the practitioner of record in immigration court, "[a] practitioner must enter an appearance. . . using Form EOIR-28." 8 C.F.R. § 1003.17(a). Form EOIR-28 is distinguishable from Form EOIR-27, which is used to enter an appearance before the Board of Immigration Appeals ("BIA"). U.S. DEP'T OF JUST., EXEC. OFF. FOR IMMIGR. REV., EOIR POLICY MANUAL part II, ch. 5.3(b)(2)(B) (2026), https://www.justice.gov/eoir/policy-manual-eoir ("Note that Form EOIR-27 is not the same as the appearance form used before the immigration court (Form EOIR-28). . . .").

Respondents correctly note that Attorney Lamptey-Fianko did not enter an appearance on Petitioner's behalf using Form EOIR-28. She only entered an appearance to represent Petitioner before the BIA by filing an EOIR-27. Therefore, she was not entitled to notice of Petitioner's May 28, 2026, bond hearing. As an immigration law practitioner, Attorney Lamptey-Fianko should be well familiar with the procedures governing immigration court proceedings. A diligent attorney would have filed a Form EOIR-28 to appear on Petitioner's behalf in anticipation of the Court granting relief in the form of a bond hearing before an IJ. The Court emphasizes to Counsel that the rules and procedures governing immigration court proceedings are not displaced simply because a noncitizen files for federal habeas relief. Nonetheless, the immigration judge deemed Petitioner ineligible for bond based on flight risk. Thus, for the purposes of this Court's order, ECF No. 4, the Court finds compliance by Respondents.

Accordingly, **IT IS HEREBY ORDERED** "Petitioner's Motion to Enforce the Court's Order Granting Habeas Relief," ECF No. 5, "Petitioner's Renewed Motion to Enforce the Court's Order Granting Habeas Relief, ECF No. 10, and "Petitioner's Re-Renewed Motion to Enforce the Court's Order Granting Habeas Relief," ECF No. 12, are **DENIED**.

**SIGNED** this **30th** day of **June 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**